# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON McKENZIE, | 1:12-cv-00723 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PAUL COPENHAVER, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondent[1] is represented by the Office of the United States Attorney.

BACKGROUND

On January 20, 2006, Petitioner was sentenced in the United States District Court for the Southern District of Alabama to a term of 125 months for violations of 21 U.S.C. § 846 and 18 U.S.C. § 1956(A)(1)(a)(i). (See Resp't's Answer, Ex. 1.)  Petitioner has a projected release date,

---

[1] The Court notes that Paul Copenhaver has replaced Hector Rios as warden of the United States Penitentiary in Atwater, California.  Rule 25 of the Federal Rules of Civil Procedure allows the successor of a public office to automatically be substituted as a party.  Accordingly, the Court hereby substitutes Paul Copenhaver as Respondent.

1 | via good conduct time release, of June 26, 2013. (Id.)

2 |     Petitioner filed the instant federal petition for writ of habeas corpus on May 3, 2012. He
3 | contends that the Bureau of Prisons ("BOP") has improperly refused to consider him for
4 | placement in a Residential Re-Entry Center ("RRC") pursuant to 18 U.S.C. § 3621(b). He also
5 | claims that a placement of six months or less runs afoul of 18 U.S.C. § 3624(a)(2). Last, he
6 | claims the BOP's failure to consider him for RRC placement violates the Administrative
7 | Procedures Act.

8 |     Respondent filed an answer to the petition on July 31, 2012. Respondent claims the
9 | petition should be denied because the Court lacks subject matter jurisdiction, Petitioner has failed
10 | to exhaust administrative remedies, and the petition is moot.

11 |     Petitioner did not timely file a traverse.

12 | DISCUSSION

13 | I.    <u>Subject Matter Jurisdiction</u>

14 |     Respondent argues that the petition should be dismissed because this Court lacks subject
15 | matter jurisdiction.

16 |     A federal court may only grant a petition for writ of habeas corpus if the federal petitioner
17 | can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the
18 | United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a
19 | prisoner to challenge "the very fact or duration of his confinement," and where "the relief he
20 | seeks is a determination that he is entitled to immediate release or a speedier release from that
21 | imprisonment." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973). In contrast, a civil rights action
22 | pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of
23 | that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499.
24 | Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is
25 | necessarily a condition of that confinement. <u>Jenkins v. Haubert</u>, 179 F.3d 19, 28 (2d Cir.1999). In
26 | other words, if a successful conditions of confinement challenge would not necessarily shorten
27 | the prisoner's sentence, then § 1983 is the appropriate vehicle. See <u>Wilkinson v. Dotson</u>, 544
28 | U.S. 74 (2005). In the federal context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>

of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In the instant petition, Petitioner's claims that the BOP has failed to grant him individualized consideration for transfer to an RRC for the full twelve months as provided in 18 U.S.C. § 3624(c) as amended by the Second Chance Act of 2007, Pub. L. No. 110-199. Respondent correctly argues that this claim does not challenge the fact or duration of Petitioner's sentence. The Ninth Circuit has determined that release to an RRC is not a release from incarceration. Rodriguez v. Smith, 541 F.3d 1180 (9th Cir.2008). Therefore, a transfer to an RRC will not affect the fact or duration of his confinement, and therefore does not give rise to a claim for which habeas relief can be granted.  Moreover, the Ninth Circuit recently held that federal district courts lack jurisdiction to review individualized discretionary decisions made by the BOP pursuant to 18 U.S.C. § 3621.  See Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir.2011). Accordingly, this Court does not have subject matter jurisdiction to review the instant challenge under section 2241, and the petition must be dismissed.

II.     Exhaustion

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984).  It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982).  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (*per curiam*), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors

1  occurring in the course of administrative proceedings. See also Chua Han Mow, 730 F.2d at
2  1313.
3        However, the exhaustion requirement was judicially created; it is not a statutory
4  requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252
5  (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison -
6  Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), *cert. dismissed*, 488
7  U.S. 935 (1988); Montgomery, 572 F.2d at 252.  "[I]f the district court concludes that the
8  prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim
9  without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003).
10       The Bureau of Prisons has established an administrative remedy procedure governing
11 prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq. First, an inmate
12 must attempt to resolve the issue informally by presenting it to staff before submitting a Request
13 for Administrative Remedy. 28 C.F.R. § 542.13 (2002). If dissatisfied with the response, the
14 prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. §
15 542.14 (2002). Upon denial by the institution, the prisoner may appeal the decision by filing a
16 complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15 (2002). The
17 Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id.
18 Appeal to the General Counsel is the final step in the administrative remedy process. Id.
19       In this case, it is clear from the exhibits submitted by Respondent that Petitioner has not
20 availed himself of his administrative remedies.  (See Resp't's Answer, Ex. 5.)  Therefore,
21 Respondent correctly argues that the claims are unexhausted.
22       Futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994,
23 1000-01 (9th Cir. 2004), citing S.E.C. v. G.C. George Sec., Inc., 637 F.2d 685, 688 n.4 (9th Cir.
24 1981) ("exceptions to the general rule requiring exhaustion cover situations such as where
25 administrative remedies are inadequate or not efficacious, pursuit of administrative remedies
26 would be a futile gesture, irreparable injury will result, or the administrative proceedings would
27 be void.") In this case, administrative review would not be futile.  As noted by Respondent, RRC
28 transfer decisions are no longer categorically limited by policy, but instead call for individualized

determinations. (See Resp't's Answer, Ex. 3.) Therefore, administrative review would necessarily call for an individualized, discretionary decision. Pursuing such relief would not be futile. Accordingly, the claims are unexhausted and must be dismissed.

III.   Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

In this case, Petitioner claims the BOP has failed to consider him for transfer to an RRC on his request. Respondent points out, however, that Petitioner has in fact been considered and granted placement in the RRC for six months commencing on December 26, 2012. (See Resp't's Answer, Ex. 2.) Since Petitioner has been granted the relief he seeks, to wit, individualized consideration for placement in an RRC, the claims are moot. The petition must be denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 31, 2012**                                **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE